THE WESTERN UNION TELEGRAPH COMPANY v. COLLINS & MOORHEAD.

No. 294.

1. EVIDENCE—*Competent, When.* Evidence is competent if it tends to prove any material fact necessary to support a material allegation of the petition.

2. ——— *Copy of Message—Original Presumed Destroyed.* A copy of a telegraphic message, properly identified, may be introduced in evidence, where the evidence offered has established a conclusive presumption of the destruction of the original.

3. ——— *Use of Memorandum—Refreshing Recollection.* If it appears from an examination of all the evidence that a witness has an independent recollection in the main of a transaction, he may use a memorandum made by another to refresh his memory as to the details thereof.

Error from Atchison district court; W. D. WEBB, judge. Opinion filed May 4, 1898. Affirmed.

*Waggener, Horton & Orr,* for plaintiff in error.

*Henry C. Solomon,* for defendants in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought in the district court of Atchison county, by Collins & Moorhead, against the Western Union Telegraph Company, to recover damages for its failure to transmit and deliver a telegraphic message. The case was tried before the court, and judgment rendered on the findings

7—7 KAN. APP.

of fact and conclusions of law for $225. A motion for a new trial was filed and overruled, and the case is presented to this court for review. For a statement of the facts in this case, see *Telegraph Co. v. Collins*, 45 Kan. 88 (25 Pac. Rep. 187).

I. Complaint is made of the admission of incompetent evidence. The witness Rohrer was permitted to testify:

"Ques. What induced you to send the message to Collins & Moorehead, to which you have referred? Ans. It was in answer to a message from them inquiring about the market value of 300-pound hogs on that day at St Joseph, Mo.

"Q. You may state, if you know, what this paper is which you have in your hand? A. This is a copy of a message written by me on January 12, 1885, and delivered to the agent of the Western Union Telegraph Company, at its office in St. Joseph. I delivered the dispatch about thirty minutes after noon of that day."

The plaintiffs below, Collins & Moorehead, alleged in their petition that their place of business was Sabetha, Kan.; that they were engaged in buying and shipping hogs for sale on the market; that on January 12, 1885, they made known to Rohrer the fact of an intended shipment of hogs to St. Joseph, and employed him to send them a message, by the Western Union Telegraph Company, to inform them of the condition of the market at that time and place. The evidence of the witness Rohrer tends to show that he delivered the telegram to the defendant company; that in so doing he acted as the agent of Collins & Moorehead, and that the company undertook to transmit the message. Whether the message was delivered to the telegraph company, whether the company undertook to transmit the same to Collins & Moorehead, and whether Rohrer was

1. Evidence competent.

acting as their agent, are all material propositions. We are of the opinion that the evidence was competent and material.

II. Complaint is made that the court permitted a copy of the message to be read in evidence, although no proper foundation was laid for the introduction of the copy by showing that the original was lost or destroyed. Was the copy of the message properly admitted in evidence? The evidence showed that the copy offered was a true copy of the original, that the original message was not in the St. Joseph office, and that original messages were kept in the office where received for six months, and were then, by the rules of the company, destroyed. The original message in this case was delivered to the company on January 12, 1885, and the testimony of the witnesses who identified the copy was taken more than one year thereafter. There was no direct evidence of the destruction of the original, yet the evidence showed that it was not in the receiving office, that it was not in the possession of the plaintiffs, and that by the rules of the company it should have been destroyed. We think the facts proven amount to a conclusive presumption that the original was destroyed, and, therefore, the copy was properly admitted in evidence.

2. Secondary evidence proper.

III. Complaint is made that the court permitted the witnesses Lancaster and Collins to testify as follows :

Lancaster testified :

"Ques. You may state, if you can, the price for which they were sold? A. They were sold for the prices mentioned by me in my report of sales, made to Collins & Morehead.

"Q. Does this bill of sales show the price for which

those hogs were sold and the weight of the hogs?    A.
It does.

"Q.  Is the price therein stated the market value of
that quality and weight of hogs on the Kansas City
market, January 14, 1885?    A.  Yes, sir."

Collins testified:

"Q.  Will you state how many hogs there were in
that shipment?    A.  I see by this bill there was 477
hogs in that shipment.

"Q.  Now state what the gross proceeds was for the
shipment of those hogs.    A.  [Reading from the ac-
count of sales rendered by the Kansas City salesman]
$5,921.48."

Lancaster had previously testified that he was a
member of the firm of Campbell, Lancaster & Co.;
that he was the hog salesman for the firm; that he
knew the market value of hogs at Kansas City on
January 14, 1885; that on that date he sold eight
cars of hogs on the general market of Kansas City
for Collins & Moorehead; that the com-
mission company made out the account

3. Memorandum
properly used.

of sales; that he could not remember the price, but
that they were sold at the market value of 300-pound
hogs; and that the prices named in the account of
sales which was in the possession of Collins & Moore-
hoad were the true market value.

The witness Collins had previously testified, with-
out objection, that they shipped eight cars of hogs to
Campbell, Lancaster & Co., commission merchants
at Kansas City; that he accompanied the shipment;
that the hogs were sold on the market on January
14; that he knew the market value of such hogs;
that the hogs were worth ten cents a hundred more
at St. Joseph than he received at Kansas City.    He
then produced the account of sales rendered by the

commission company, showing the proceeds of the sale of the lot of hogs, number of head, price per hundredweight, and charges for selling, and gave the testimony of which complaint is made. From all the testimony offered at the trial, it is apparent that the witnesses Lancaster and Collins had an independent recollection of the shipment, the number of cars, the market value of hogs, and in fact of the whole transaction ; and that the account of sales as rendered by the commission company was used only to refresh the memory of the witnesses as to the details of the transaction. The objection to this testimony is very technical, and insufficient to warrant a reversal of the judgment.

IV. And, finally, complaint is made that the court erred in fixing the measure of damages. This contention is not tenable. (*Telegraph Co. v. Collins*, 45 Kan. 88, 25 Pac. Rep. 187.)

The judgment must be affirmed.